October 29, 2010

RE:    TYREE LITTLE   V.  RAYMOND LAWLER, ETAL
       CA No. 10-846

# NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V . JERRY, Deputy Clerk

cc:    LITTLE
       GLEBE

       Courtroom Deputy to Judge Sanchez

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al. | : | NO. 10-846 |

FILED
OCT 2 8 2010
MICHAEL E. KUNZ Clerk
By_____ Dep. Clerk

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                    October 27, 2010
Chief United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus (Doc. No. 1) filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the State Correctional Institution located in Huntingdon, Pennsylvania. For the reasons that follow, the court recommends that the petition be denied.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On February 20, 2002, a jury sitting before the Honorable Genece E. Brinkley in the Court of Common Pleas of Philadelphia County, found petitioner guilty of robbery, aggravated assault, possession with intent to deliver a controlled substance, simple assault, and possession of a firearm without a license. Commonwealth v. Little, No. 0002-0637, slip op. at 1-2 (C.P. Phila. Nov. 22, 2004). On February 23, 2003, petitioner was sentenced to an aggregate term of imprisonment of five to ten years, to run consecutively to the term of incarceration he was serving at that time. Id. at 1.

Petitioner's convictions stem from an incident in which petitioner robbed two people at gunpoint. On direct appeal, the Superior Court of Pennsylvania summarized the evidence adduced at trial as follows:

> Pamela Ford and Anthony Smith were conversing on a street in
> Philadelphia when [petitioner] approached them wearing a ski mask and wielding
> a gun. [Petitioner] pointed the gun at Smith's chest and ordered Smith and Ford
> to walk with him. As they were walking, [petitioner] ordered Smith and Ford to
> give him everything they had. [Petitioner] also threatened them by stating,
> "between the two of you all, you all better come up with something or I'm going
> to shoot you both." N.T., 2/19/03 [sic], at 41. [Petitioner] proceeded to take
> money, a necklace, two rings and a watch from Ford; he removed money and the
> title to Smith's car from Smith. [Petitioner] then ordered Smith and Ford to
> continue walking toward Smith's car. Once they arrived at the car, [petitioner]
> directed Smith to unlock the car and remove the locking device that was on the
> steering wheel. When Smith had trouble removing the steering wheel lock,
> [petitioner] demanded the keys to the car. At that point, Smith grabbed for the
> gun which [petitioner] was then holding in his jacket pocket. As Smith grabbed
> for the gun, it discharged and the bullet struck him in the leg. The two men
> continued to struggle with each other until the police arrived. [Petitioner] was
> taken into custody and a subsequent search of his jacket revealed Ford's jewelry,
> $130 in cash, five vials with purple caps containing crack cocaine, seven small
> blue bags containing crack cocaine, a black tinted bag containing crack cocaine,
> and 217 blue pills which were later determined to be Xanax.

Commonwealth v. Little, No. 2315 EDA 2004, slip op. at 3 (Pa. Super. Ct. Feb. 14, 2006).

Petitioner filed a direct appeal, which was dismissed for failure to file a docketing

statement pursuant to Pa. R. App. P. 3571. On July 29, 2004, the trial court reinstated

petitioner's direct appeal rights and petitioner thereafter filed another direct appeal.

Commonwealth v. Little, No. 760 EDA 2008, slip op. at 3 (Pa. Super. Ct. May 5, 2009). The

Superior Court of Pennsylvania affirmed the judgment of sentence. Commonwealth v. Little,

No. 2315 EDA 2004 (Pa. Super. Ct. Feb. 14, 2006). The Supreme Court of Pennsylvania

declined review on August 3, 2006. Commonwealth v. Little, 903 A.2d 1233 (Pa. 2006) (Table).

On November 27, 2006, petitioner filed a pro se petition for relief under

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq..

Court appointed counsel filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d

927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988). The PCRA

court sent petitioner notice pursuant to Pa. R. App. P. 907 of its intent to dismiss the PCRA

petition. Thereafter, petitioner filed a reply to the notice and the Commonwealth filed a

response. On February 6, 2008, the PCRA court dismissed the petition. Commonwealth v.

Little, No. 760 EDA 2008 (Pa. Super. Ct. May 5, 2009). Petitioner filed a notice of appeal and,

on May 5, 2009, the Superior Court of Pennsylvania affirmed dismissal of the PCRA petition

without a hearing. Id.

Next, on January 25, 2010, petitioner filed the instant pro se habeas petition, with

an accompanying brief, raising the following five issues:

1. Was there sufficient evidence to find defendant guilty of aggravated assault?

2. Was there sufficient evidence to find defendant guilty of possession with intent to deliver a controlled substance?

3. Whether the court's sentence was excessive?

4. Trial counsel was ineffective when counsel advised petitioner not to testify at the trial.

5. Trial counsel was ineffective when counsel failed to introduce medical and school records to discredit Commonwealth witnesses.

(Pet. at 6-9; Pet'r's Br. at 1-6.)

Respondents filed a response on June 28, 2010. Respondents urge that all of

petitioner's claims are meritless. Respondents also contend that petitioner's third claim is not

exhausted and is now procedurally defaulted. For the reasons set forth herein, the court

recommends that the habeas petition be denied.

3

## II.    DISCUSSION

### A.    Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has instructed that the "contrary to" and "unreasonable application" clauses in Section 2254(d)(1) should be viewed independently. With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. Id. at 406-08. See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to prove entitlement to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his

4

interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner

must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in

original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue

the writ simply because that court concludes "that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is

appropriate only where the state court decision is also objectively unreasonable. Id. The

Supreme Court recently explained that where "it is the state court's application of governing

federal law that is challenged, the decision 'must be shown to be not only erroneous, but

objectively unreasonable.'" Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (quoting

Middleton v. McNeil, 541 U.S. 433, 436 (2004) (quotation omitted)). See Appel v. Horn, 250

F.3d 203, 209 (3d Cir. 2001) ("A state court decision will be an 'unreasonable application' if (1)

'the state court identifies the correct governing legal rule from [the] Court's cases but

unreasonably applies it to the facts of the particular . . . case;' or (2) 'the state court either

unreasonably extends a legal principle from our precedent to a new context where it should not

apply or unreasonably refuses to extend that principle to a new context where it should apply.'")

(quoting Williams, 529 U.S. at 407).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief

may be granted when the state court adjudication was based on an unreasonable determination of

the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable

fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis

existed for the factual findings reached in the state courts, then habeas relief is not warranted.

5

Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See also Appel, 250 F.3d at 209 (The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts.) (citing 28 U.S.C. § 2254(e)(1)) (quotation omitted).

### B.   Exhaustion and Procedural Default

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).[1] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (same). Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state

---

1.      On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this Order. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

courts. Both the legal theory and the facts supporting a federal claim must have been submitted

to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted),

cert. denied, 493 U.S. 1036 (1990).

However, when the petitioner cannot obtain state court review of his claims

because of noncompliance with state procedural rules, the doctrine of procedural default

generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32

(1991); Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996). The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which
> the petitioner would be required to present his claims in order to meet the
> exhaustion requirement would now find the claims procedurally barred . . .
> there is a procedural default for purposes of federal habeas regardless of
> the decision of the last state court to which the petitioner actually
> presented his claims.

Coleman, 501 U.S. at 735 n. 1. Upon a finding of procedural default, review of a federal habeas

petition is barred unless the habeas petitioner can show: "(1) the procedural rule was not

independent and adequate; (2) cause for his failure to comply with state procedural rules and

prejudice resulting therefore; or (3) that a fundamental miscarriage of justice will occur if not

considered." Peterkin v. Horn, 176 F. Supp.2d 342, 353 (E.D. Pa. 2001). See also Doctor v.

Walters, 96 F.3d 675, 683 (3d Cir. 1996) (same).

"A state [procedural] rule provides an independent and adequate basis for

precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule

speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's

claims on the merits; and (3) the state courts' refusal in this instance is consistent with other

decisions." Doctor, 96 F.3d at 683-84. "A state [procedural] rule is adequate only if it is 'consistently and regularly' applied." Id. at 684.

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. Caswell, 953 F.2d at 862. The cause must be "something that cannot fairly be attributed to [the petitioner.]" Coleman, 501 U.S. at 753. To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Additionally, the fundamental miscarriage of justice exception to procedural default is concerned only with "actual" innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

## C.    Standard for Ineffective Assistance of Counsel Claims

Petitioner alleges several claims of ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the Strickland test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 688-96. The United States Supreme Court recently reaffirmed the applicability of the

Strickland standard in federal habeas cases. Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009).

To satisfy the first prong of the Strickland test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). As the Supreme Court stated:

If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

### D. Petitioner's Claims

#### 1. Claims 1 and 2 – Sufficiency of the Evidence – Petitioner's Aggravated Assault and Possession with Intent to Deliver A Controlled Substance Convictions

In his first claim, petitioner asserts that the evidence at trial was insufficient to support petitioner's aggravated assault conviction. (Pet. at 6; Pet'r's Br. at 5-6.) Petitioner maintains that the Commonwealth presented no eyewitness to corroborate the Commonwealth's assumption that petitioner shot the victim. (Pet'r's Br. at 6.) In his second claim, petitioner contends that the evidence at trial was insufficient to support petitioner's possession with intent to deliver a controlled substance conviction. (Pet. at 7.) Petitioner reasons that because the victim testified that he was not involved in any drug transaction with petitioner, the record contained no evidence showing that petitioner was engaged in a drug transaction. Id.

The federal constitutional standard for evaluating a due process claim based upon a sufficiency of the evidence claim is found in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, the federal court is to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). A habeas petitioner is entitled to relief only "if it is found that upon the record evidence adduced at trial no rational trier

of fact could have found proof beyond a reasonable doubt." Id. at 324. See Orban v. Vaughn,

123 F.3d 727 (3d Cir. 1997) (applying Jackson standard), cert. denied, 522 U.S. 1059 (1998).

Federal review of a sufficiency of the evidence claim under Jackson must be based on state law,

that is, the substantive elements of the crime must be defined by applicable state law. Jackson,

443 U.S. at 324 n.16. The credibility of witnesses, the resolution of conflicts of evidence, and

the drawing of reasonable inferences from proven facts all fall within the exclusive province of

the factfinder and, therefore, are beyond the scope of federal habeas sufficiency review. Id. at

319.

Both the trial court and the Superior Court of Pennsylvania on direct appeal

considered these claims. Applying a standard virtually identical to that required by Jackson v.

Virginia, the Superior Court of Pennsylvania rejected petitioner's claim that the evidence was

insufficient to support the aggravated assault conviction and stated as follows:

> Appellant claims that there was insufficient evidence to sustain his
> conviction for aggravated assault because the Commonwealth failed to prove that
> he shot Smith. This argument is meritless. As Appellant concedes in his brief,
> Smith testified that he was shot by Appellant. Thus, as it was the jury's function
> to evaluate the evidence, Smith's testimony that Appellant shot him, if credited by
> the jury, was sufficient to find that Appellant did in fact shoot Smith.
>
> To the extent Appellant may be arguing that the Commonwealth did not
> prove that he possessed the requisite intent to support his aggravated assault
> conviction, we find that argument meritless as well.
>
> A person is guilty of aggravated assault, 18 Pa. Cons. Stat. Ann. §
> 2702(a)(4), if he or she "attempts to cause or intentionally or knowingly causes
> bodily injury to another with a deadly weapon." "For aggravated assault purposes,
> an 'attempt' is found where the accused, with the required specific intent, acts in a
> manner which constitutes a substantial step toward perpetrating a serious bodily
> injury upon another." Commonwealth v. Matthews, 870 A.2d 924, 929 (Pa.
> Super. Ct. 2005).

In the present case, even reviewing Appellant's conduct prior to the shooting, we find there was sufficient evidence to support an aggravated assault conviction. Appellant approached Smith and Ford and pointed a gun at Smith's chest. Appellant subsequently ordered them to give him everything they had and threatened to shoot both of them if they did not "come up with something." N.T., 2/19/03, at 41. . . . [W]e conclude the record supports the jury's conviction for aggravated assault. Appellant took a substantial step at imposing serious bodily injury by aiming the gun at Smith's chest. Appellant conveyed a present intent to cause serious bodily injury by threatening to shoot Smith and Ford if they did not "come up with something." Thus, we conclude that the Commonwealth presented sufficient evidence to support Appellant's aggravated assault conviction.

Commonwealth v. Little, No. 2315 EDA 2004, slip op. at 4-6 (Pa. Super. Ct. Feb. 14, 2006).

The trial court explained as follows:

Aggravated assault does not require proof that serious bodily injury was inflicted, but only that an attempt was made to cause such injury. Commonwealth v. Elrod, 572 A.2d 1229 (Pa. Super. 1990). An intent to cause serious bodily injury may be shown from the circumstances surrounding the incident. Id.

This Court found sufficient evidence to find Defendant guilty of aggravated assault. Testimony from Pamela Ford and Anthony Smith indicated that Defendant possessed a loaded, deadly weapon, wore a ski mask, and demanded money or valuables from both victims. Initially, Defendant aimed his loaded gun directly at Smith's chest, a vital part of the body. From such circumstances, one can infer intent to cause serious bodily injury. The testimony also showed that a struggle subsequently ensued between Defendant and Smith, and Smith was shot in his leg. Such injury was the result of Defendant's reckless actions under circumstances manifesting extreme indifference to the value of human life. Therefore, the evidence was sufficient for the jury to find Defendant guilty of aggravated assault beyond a reasonable doubt.

Commonwealth v. Little, No. 0002-0637, slip op. at 7-8 (C.P. Phila. Nov. 22, 2004).

Similarly, the Superior Court of Pennsylvania rejected petitioner's claim that the evidence was insufficient to support the possession with intent to deliver conviction relying upon the trial court's opinion. Commonwealth v. Little, No. 2315 EDA 2004, slip op. at 6 (Pa. Super.

Ct. Feb. 14, 2006). The trial court set forth in detail the evidence that supported petitioner's possession with intent to deliver conviction. The trial court noted that when searched, police found the following on petitioner's person: fifty-five[2] purple-capped vials that contained an off-white chunky substance; seven blue plastic zip-lock bags that contained a white chunky substance; and one black packet that contained a white rock-like substance (all these substances were tested and found to be cocaine base); and 217 oval tablets of Xanax in a vial without a label for instructions for the medication. Commonwealth v. Little, No. 0002-0637, slip op. at 9 (C.P. Phila. Nov. 22, 2004). The evidence also included police officer testimony that the amounts, types and packaging of drugs found of petitioner's person, generally were possessed with the intent to deliver. Based upon all of this evidence, the trial court found sufficient evidence to find petitioner guilty of possession with the intent to deliver a controlled substance. Id. at 9-10.

The court's review of the record demonstrates that the state court applied a sufficiency of the evidence standard indistinguishable from the Jackson standard. Considering this standard, and viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, the evidence was sufficient to support petitioner's convictions for aggravated assault and possession with intent to deliver a controlled substance.

Considering the record as a whole in the light most favorable to the prosecution, a rational fact finder could have found petitioner guilty of the crimes for which he was convicted beyond a reasonable doubt. The evidence presented against petitioner consisted of, inter alia, the

---

2      The appellate court noted that "five purple capped vials," not fifty-five purple capped vials were found on petitioner's person. Commonwealth v. Little, 2315 EDA 2004, slip op. at 6 n.1 (Pa. Super. Ct. Feb. 14, 2006). This typographical error did not change the appellate court's determination that sufficient evidence supported petitioner's possession with intent to deliver conviction. Id.

13

testimony of the two eyewitnesses/victims and of a police officer who saw petitioner and victim

Smith struggling, and a gun, numerous drugs and stolen property belonging to victim Ford

recovered from petitioner's pocket. The state courts' conclusions were reasonable

determinations of the facts in light of the evidence presented, and was neither contrary to, nor an

unreasonable application of, clearly established federal law. Petitioner's second claim should be

denied as meritless.

### 2. Claim 3 – Excessive Sentence

In his habeas petition, petitioner states as follows with respect to this claim: "The

above claim was withdrawn by defense counsel on brief." (Pet. at 9.) Petitioner did not

elaborate further on this claim in his habeas brief. Petitioner raised a claim of excessive sentence

in his direct appeal to the trial court. The trial court rejected this claim finding that the sentence

imposed on petitioner was within the sentencing guidelines. Commonwealth v. Little, No. 0002-

0637, slip op. at 11 (C.P. Phila. Nov. 22, 2004). The court also noted that, in determining

petitioner's sentence, it considered numerous other factors, including a mental health report,

which indicated that petitioner was a "dangerous and aggressive individual and was in need of a

period of structure within a prison setting." Id. at 11-12. The court further observed that

petitioner had been "in and out of the juvenile system," and, upon entering adulthood, had been

charged in a separate homicide and related offences, in addition to the instant convictions. Id. at

12.

Petitioner did not raise this claim on direct appeal to the Superior Court of

Pennsylvania, or in a PCRA petition. Hence, petitioner's third claim is not exhausted. Since, the

time for raising the claim in the state courts has now passed, petitioner's claim also is procedurally defaulted.

Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show: "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefore; or (3) that a fundamental miscarriage of justice will occur if not considered." Peterkin v. Horn, 176 F. Supp.2d 342, 353 (E.D. Pa. 2001). See also Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996) (same). Petitioner has failed to make any of these showings. Petitioner's third claim should be denied as procedurally defaulted.[3]

### 3. Claims 4 and 5 – Ineffective Assistance of Counsel

Petitioner asserts that trial counsel was ineffective for two reasons. First, petitioner contends that trial counsel was ineffective because counsel misinformed him as to the advantages and disadvantages of testifying on his own behalf. Second, petitioner claims that trial counsel was ineffective for not introducing medical and school records into evidence, which he contends would have impeached Commonwealth witness Smith and assisted his defense.

---

[3] This court also notes that, in the alternative, petitioner's third claim should be dismissed as it is based on the vague and conclusory allegation that petitioner's sentence is excessive. Petitioner states nothing further with respect to this claim, which is devoid of factual support. "A federal district court should dismiss habeas corpus claims that are based on vague and conclusory allegations." Keeling v. Shannon, 2003 WL 22158814, at *10 (E.D. Pa. Aug. 20, 2003). See also Mayberry v. Petsock, 821 F.2d 179, 187 (3d Cir.) (same), cert. denied, 484 U.S. 946 (1987).

### a. Petitioner's Right to Testify on his Own Behalf

Petitioner raised this claim in his PCRA petition. After noting that the test for ineffective assistance of counsel is the same under both Federal and Pennsylvania standards, the PCRA appellate court rejected this claim stating as follows:

> Appellant first claims that counsel was ineffective for allegedly giving him "false information" that caused him to decide not to testify on his own behalf. This claim is belied by the record. The trial court conducted a colloquy with Appellant on the record concerning Appellant's right to testify. Appellant stated under oath that he discussed his right to testify with his trial counsel and that he made his *own* decision to assert his Fifth Amendment right not to testify. N.T. 2/20/02 at 58-61. The trial court advised appellant that he had an absolute right to testify and Appellant said he understood. The trial court specifically asked Appellant if he had been threatened or coerced into making the decision not to testify and whether he was making the decision of his own free will. Id. Appellant responded that he was not being coerced and was making the decision of his own free will. Id. Thus, Appellant is not entitled to relief on this claim. Commonwealth v. Fletcher, 750 A.2d 261, 274-75 (Pa. 2000) (Appellant not entitled to relief on a claim that trial counsel had falsely told him he could not testify where the court conducted a colloquy); Commonwealth v. Lawson, 762 A.2d 753, 755-56 (Pa. Super. 2000) (same).

Commonwealth v. Little, No. 760 EDA 2008, slip op. at 6 (Pa. Super. Ct. May 5, 2009).

"It is well established that the right of a defendant to testify on his or her behalf at his or her own criminal trial is rooted in the Constitution." United States v. Pennycooke, 65 F.3d 9, 10 (3d Cir. 1995). "The right is personal and can be waived only by the defendant, not defense counsel." United States v. Leggett, 162 F.3d 237, 245 (3d Cir. 1998), cert. denied, 528 U.S. 868 (1999). Defense counsel's duty is to inform defendant of his right to testify, but the decision is ultimately that of the defendant. United States v. Aikens, 358 F. Supp. 2d 433, 436 (E.D. Pa.) (citing Pennycooke, 65 F.3d at 12), aff'd, 142 Fed. Appx. 621 (3d Cir. 2005). If counsel informs the defendant of the right to testify and the defendant understands that right, there is no violation.

<u>Braxton v. Lawler</u>, 2008 WL 4762764, at *9 (E.D. Pa. Oct. 29, 2008) (citing <u>Leggett</u>, 162 F.3d at 247).

Here, petitioner has not shown that trial counsel's representation fell well below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 688-96. Trial counsel properly informed petitioner of his right to testify. This fact is clearly revealed through the court's colloquies with petitioner and trial counsel regarding whether petitioner wished to testify. <u>See</u> N.T., 2/20/02, at 57-60.

In his habeas brief, petitioner asserts that his decision not to testify was based solely upon counsel advising him that, if he testified, the Commonwealth would be able to impeach his testimony with his prior convictions, including a third-degree murder conviction. (Pet'r's Mem. of Law at 1-3.) Petitioner maintains that Pennsylvania rules of evidence preclude these convictions from being used for impeachment purposes at his trial since the crimes are not <u>crimen falsi</u>. Essentially, petitioner contends that trial counsel was ineffective because counsel misadvised petitioner about state evidentiary rules.

Assuming, but not finding, that counsel misadvised petitioner about state evidentiary rules in violation of the first prong of <u>Strickland</u>, petitioner has failed to satisfy the prejudice prong on <u>Strickland</u>. Petitioner explains that if he had testified on his own behalf, he would have told the jury that the victims approached him to purchase drugs, with Smith being the buyer and petitioner being the drug seller. (Pet'r's Mem. of Law at 15.) Petitioner fails to demonstrate how testimony portraying himself as a drug dealer was reasonably probable to have resulted in a different verdict under <u>Strickland</u>. Petitioner's bare statements that his testimony would have convinced the jury to render a different verdict is insufficient to obtain habeas relief.

17

See United States v. Aikens, 358 F. Supp. 2d 433, 436 (E.D. Pa. 2005) (Petitioner's bare assertions that his testimony "could have convinced the jury to believe his 'side of the story,'" "would have contradicted the testimony of the cooperating witnesses," and "would have 'set the record straight,'" fail to show that, "with petitioner's testimony, there is a reasonable probability that the result of the proceedings would have been different."). See also Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001) (defendant's self-serving statement that his testimony would have resulted in an acquittal fails to satisfy the Strickland prejudice prong).

Respondents admit that petitioner's prior third-degree murder conviction could not have been used for impeachment purposes at trial. However, they correctly point out that the prosecution may have been able to obtain admission of the evidence on other grounds – the convictions may have been probative on the issues of motive, intent, absence of mistake or accident, a common scheme or plan, or identity. See Commonwealth v. Edwards, 903 A.2d 1139, 1157 (Pa. 2006), cert. denied, 549 U.S. 1344 (2007).

Here, the state court's ruling that trial counsel was not ineffective for improperly advising petitioner regarding his right to testify is not contrary to, or an unreasonable application of, clearly established federal law, nor is it an unreasonable determination of the facts in light of the evidence presented to the state courts. Moreover, this court must defer to the findings of the state court that trial counsel was not ineffective with respect to advising petitioner regarding his right to testify. In this situation, petitioner must show that the state court's determination is not only erroneous, but also objectively unreasonable. See Yarborough, 540 U.S. at 4. Petitioner has failed to meet this high standard. For all of these reasons, petitioner's first ineffective assistance of counsel claim (Claim No. 4) should be denied.

### b.     Medical and School Records

In his final habeas claim, petitioner asserts that trial counsel was ineffective because he failed to introduce into evidence petitioner's medical and school records. Petitioner argues that the school records, which showed that petitioner and victim Smith had attended the same elementary and junior high school, could have been used to impeach Smith who testified that he did not know petitioner and had never seen petitioner prior to the incident. (Pet'r's Mem. of Law at 4.) Petitioner further contends that trial counsel was ineffective for failing to properly submit and argue medical records, which petitioner urges would have discounted the Commonwealth's theory that one gun caused all the wounds to petitioner and the victim. Id.

The PCRA court on appeal rejected this claim explaining as follows:

> Appellant next claims counsel was ineffective for failing to introduce into evidence and properly argue from Appellant's medical and school records. The decision of what evidence to submit and what inferences to draw therefrom is a matter of trial strategy. It is long settled that the strategic decisions of counsel are virtually unchallengeable so long as they are made after a thorough investigation of the law and the facts. Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa. Super. 2008). Further, an evaluation of these strategic decisions cannot be "based upon the distorting effects of hindsight." Id. (citation omitted).
>
> The record reflects that counsel did place Appellant's medical records into evidence. N.T. 2/20/02 at 45. The record also reflects that, both in cross-examination of the Commonwealth's witnesses and in closing, defense counsel argued that Appellant's wounds could not have been caused by one gun and that Anthony Smith was carrying a gun that night and shot Appellant prior to Appellant shooting him. N.T. 2/19/02 at 110-112; 144; 187-89; N.T. 2/20/02 at 68-69; 71-72; 74. Thus, the issue of the second gun was placed squarely before the jury who chose to reject it. While Appellant claims that counsel "made no legitimate" arguments to support the second gun issue, he has failed to explain what more counsel could or should have done to support this theory, which was utterly unsupported by either the testimonial or physical evidence. Thus, we find this claim lacks merit.

19

Appellant also claims counsel was ineffective for failing to introduce school records which would have demonstrated that he attended the same elementary and junior high school as Anthony Smith. At trial, counsel asked Smith if he knew Appellant and if he had attended school with him. N.T. 2/20/02 at 20. Smith denied knowing Appellant. Id. Appellant argues that the introduction of the school records would have discredited this statement and cast doubt on Smith's honesty, leading to his acquittal. We disagree.

At the time of the trial, Appellant and Smith were both age twenty. Appellant does not claim that he had any on-going relationship with Smith or that he and Smith had been friends while attending school. The mere fact that Smith did not recall that he and Appellant had attended school together as children and in their early teens appears to have little relevance and to be of limited evidentiary value. Thus, we find that this claim lacks merit.

Commonwealth v. Little, No, 760 EDA 2008, slip op. at 6-8 (Pa. Super. Ct. May 5, 2009)

(footnote omitted).

The evidence shows that trial counsel did submit the relevant medical records into evidence and did argue that Smith also had a gun, attempting to undermine the Commonwealth's theory that only one gun, which belonged to petitioner, was involved. A significant focus of defense counsel's closing argument was that the victim Smith also had a gun and had shot petitioner first, causing petitioner to fire his gun in self defense. N.T., 2/20/02, at 67-69, 71-74. Defense counsel specifically referred to the medical records in his closing argument emphasizing that the numerous injuries to both Smith and petitioner could not have been caused by one gun. Id. at 68, 73-74. The record belies petitioner's claim that trial counsel did not introduce these records or present this argument.

With respect to the school records, the state court correctly points out that the impeachment value of the school records was slight. Any evidence that petitioner and Smith attended the same school as children does not disprove Smith's trial testimony that he did not

20

know petitioner at the time of the shooting. As noted by the PCRA appellate court, Smith simply may have forgotten that he and petitioner attended the same school years before the shooting.

Additionally, petitioner focuses on Smith's testimony as being the sole factor leading to his convictions. In doing so, petitioner ignores the wealth of other evidence against him at the trial. This evidence includes the eyewitness testimony of the other victim, Pamela Ford, the physical evidence recovered at the scene, and the testimony of the police officers who observed petitioner struggling with Smith and who recovered a gun, illegal narcotics, and stolen property belonging to Ford from petitioner's pocket. Id. at 8 n.7. Even if Smith's testimony were rejected by the jury as incredible, there is a wealth of other evidence on the basis of which the jury could have convicted petitioner. Hence, petitioner has failed to establish the prejudice prong of the Strickland standard and prove that there is a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-96.

Here, the state court's ruling that trial counsel was not ineffective for failing to introduce medical and school records into evidence is not contrary to, or an unreasonable application of, clearly established federal law, nor is it an unreasonable determination of the facts in light of the evidence presented to the state courts. As noted above, trial counsel did introduce the medical records into evidence at petitioner's trial. Moreover, this court must defer to the finding by the state court that trial counsel was not ineffective for failing to introduce these records into evidence. Petitioner has failed to meet the high standard required to overcome this deference. See Yarborough, 540 U.S. at 4. For all of these reasons, petitioner's ineffective assistance of counsel claims (Claim Nos. 4 and 5) should be denied.

21

## III. CONCLUSION

For all of the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this 27th day of October, 2010, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, and that <u>no</u> certificate of appealability be issued.[4]

Petitioner may file objections to this Report and Recommendation. <u>See</u> Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

THOMAS J. RUETER
Chief United States Magistrate Judge

---

4. The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al. | : | NO. 10-846 |

## O R D E R

AND NOW, this          day of                          , 2010, upon careful and

independent consideration of the pleadings and record herein, and after review of the Report and

Recommendation of Chief Magistrate Judge Thomas J. Rueter, it is hereby

## ORDERED

1.     The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.     The petition for a writ of habeas corpus is **DENIED**; and

3.     A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
JUAN R. SANCHEZ,     J.